UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-02972-RGK-JC | Date | November 10, 2025 |
| Title | *Maria Vasquez Juarez et al. v. Kristi Noem* | | |

Present: The Honorable R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Joseph Remigio | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:    Attorneys Present for Defendant:

Not Present    Not Present

**Proceedings:** (IN CHAMBERS) Order Re: Petitioners' *Ex Parte* Application for Temporary Restraining Order [DE 4]

## I. INTRODUCTION

On November 6, 2025, Maria Vasquez Juarez, Emerson Sidane Lopez Lopez, Ivan Iverson Palcios Montenegro, Ismael Flores Brito, Rey Martin Flores, Israel Garcia Ramirez, Jose Leon Lopez, Elena Magdalena Lopez, and Everado Luna Frias (collectively "Petitioners") filed the present Application for Temporary Restraining Order ("Application") against Kristi Noem, Todd M. Lyons, Pam Bondi, Ernesto Santacruz Jr., and Fereti Semaia (collectively "Defendants"). Petitioners, noncitizens who have been charged as inadmissible for being present in the United States without having been inspected admitted, are in U.S. Immigration and Customs Enforcement ("ICE") custody pending removal proceedings.

Petitioner seeks the Court's order that Petitioners be provided an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a), with instructions that the immigration judge has jurisdiction under 8 U.S.C. § 1226(a) to consider bond. For the following reasons, the Court **DENIES** the application.

## II. JUDICIAL STANDARD

To justify *ex parte* relief, the movant must show: (1) "why the . . . ultimate relief requested cannot be calendared in the usual manner[;]" and (2) that he is "without fault in creating the crisis that requires *ex parte* relief." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-02972-RGK-JC | Date | November 10, 2025 |
|---|---|---|---|
| Title | *Maria Vasquez Juarez et al. v. Kristi Noem* | | |

### III. DISCUSSION

Petitioners seek the Court's order requiring that Petitioners be provided with an individualized bond hearing before an immigration judge. However, Petitioners fail to meet the standard needed to justify *ex parte* relief.

Petitioners must show "why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner. [T]he evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. at 492.

Petitioners fail to establish why their *Ex Parte* Application cannot be calendared in the usual manner. It is not clear to the Court why Petitioners, one of which has been in custody for over four years, require immediate action through the *ex parte* process to be granted a bond hearing. Petitioners allege no facts that specify why the Court *must* grant them relief by way of the current Application or risk irreparable prejudice should the merits of the Application be heard according to the regular noticed motion procedures. Accordingly, Petitioners fail to meet the first element of the *Mission Power* test, and *ex parte* relief is not justified.

### IV. CONCLUSION

For the foregoing reasons, Petitioners' Application is **DENIED**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/sh |